**Alan A. Dressler, Esq. (SBN #56916)**
633 Battery St., Suite 635
San Francisco, California 94222
(415) 421-7980
Attorney for Defendant Jimmy G.Y. Lee

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> JIMMY G.Y. LEE, et al, <br><br> Defendants. | CR No. 05-00395 CRB <br><br> DEFENDANT JIMMY G.Y. LEE'S SENTENCING MEMORANDUM |

**I. INTRODUCTION**

Defendant LEE submits the following in support of his request that the Court impose the ten month sentence recommended in the Presentence Report and that he be allowed to serve that sentence on home detention with electronic monitoring. It is counsel's understanding that the U.S. Attorney will not oppose such a sentence.

**II. THE SENTENCING FRAMEWORK**

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) the sentence to be imposed by this court must consider all of the factors identified in 18 U.S.C. § 3553(a) and the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed must be the result of a consideration of:

(1) the nature and circumstance of the offense and the history and characteristics of the defendant;

1  (2) the need for the sentence imposed –

2  (A) to reflect the seriousness of the offense, to promote respect for the law, and to
3  provide just punishment for the offense;

4  (B) to afford adequate deterrence to criminal conduct;

5  © to protect the public from further crimes of the defendant; and

6  (D) to provide the defendant with needed educational or vocational training, medical
7  care, or other correctional treatment in the most effective manner;

8  (3) the kinds of sentences available;

9  (4) the kinds of sentence and the sentencing range established for –

10  (A) the applicable category of offense committed by the applicable category of
11  defendant as set forth in the guidelines . . .;

12  (5) any pertinent policy statement . . . [issued by the Sentencing Commission];

13  (6) the need to avoid unwanted sentencing disparities among defendants with similar records
14  who have been found guilty of similar conduct; and

15  (7) the need to provide restitution to any victims of the offense; 18 U.S.C. §3553(a).

16  As pointed out in *United States v. Menyweather,* 447 F.3d 625 (9th Cir. 2006) *Booker* makes
17  ". . . the Guidelines sentencing range a required consideration, see § 3553(a) (4), but 'permits the
18  court to tailor the sentence in light of other statutory concerns as well." (Cite omitted) 447 F.3d 625
19  at 630. In *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc) Wardlaw, J., concurring
20  in part and dissenting in part) the court pointed out that "District Courts now . . . have the discretion
21  to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory
22  Guidelines sentencing, but were deemed 'not ordinarily relevant, 'such as age, education, and
23  vocational skills, mental and emotional conditions, employment record, family ties and
24  responsibilities." *Id.* at 1093.

1  **III. FACTUAL RECITATIONS IN THE PRESENTENCE REPORT**

2      Defendant LEE has no objections to the factual recitations in set forth in the Presentence
3  Report.

4  **III. GUIDELINE CALCULATIONS**

5      Defendant LEE has no objections to the Guideline Calculations contained in the Presentence
6  Report.

7  **III. SENTENCING RECOMMENDATIONS IN THE PRESENTENCE REPORT**

8      Defendant LEE agrees that a ten month sentence is appropriate however he is requesting that
9  the Court allow him to serve his sentence on home detention with electronic monitoring. Mr. Lee is
10 the sole support of his wife and children and needs to continue working in order to support them..

13 Dated: September 28, 2007

                                                                   Alan Dressler
                                                                   Attorney for Defendant
                                                                   Jimmy Gong Yan Lee