SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
LAUREL BEELER (CSBN 187656)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6774
   Facsimile: (415) 436-7234
   E-Mail: Peter.Axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-0395 CRB |
| ) | |
| Plaintiff, ) | UNITED STATES' SENTENCING |
| ) | MEMORANDUM |
| v. ) | |
| ) | Date:  October 3, 2007 |
| JIMMY GONG YAN LEE, ) | Time:  2:15 p.m. |
| ) | Court: Hon. Charles R. Breyer |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

On October 25, 2006, defendant Jimmy Gong Yan Lee pled guilty pursuant to a plea agreement to a single violation of 18 U.S.C. § 1952(a)(3), interstate travel in aid of racketeering. According to the presentence report (PSR), the total offense level is 12, the defendant's criminal history category is I, and the probation officer recommends a low-end custodial sentence of 10 months, 3 years of supervised release and a $3,000 fine. Neither the United States nor the defendant have any objections to the PSR.

Nonetheless, the United States concurs in the defendant's request to seek a two-level downward departure (from level 12 to level 10) so that he can serve his 10 month sentence in

SENTENCING MEMO
CR 05-0395 CRB

home detention.  The United States believes a two-level departure is warranted under 18 U.S.C. § 3553(a)(6), which instructs the Court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  Specifically, the United States believes a modest adjustment is warranted here to avoid any unwarranted disparities.  For example, other defendants from this investigation with similar records (i.e., no prior criminal history) and engaged in similar conduct have received sentences including substantial periods of home detention in lieu of custody.  Thus, the United States has no objection to sentence of probation that includes ten months of home detention.  This would also lower the recommended minimum fine under the Guidelines to $2,000, and the United States would have no objection to the imposition of a lower fine.  See U.S.S.G. § 5E1.2(c)(3).

## II.  GUIDELINES CALCULATIONS

The United States agrees with the PSR that the total offense level is 12, and is calculated as follows:

    a.    Base Offense Level, U.S.S.G. § 2E1.2(a)(2):    14
          (incorporating § 2G1.1(a))

    b.    Acceptance of responsibility:    -2

    c.    Adjusted offense level    12

Thus, the United States agrees that, because the defendant's criminal history category is I, his exposure is 10-16 months in custody, followed by 2-3 years of supervised release, and a fine between $3,000-$30,000.

## III.  SENTENCING RECOMMENDATION

Based on the foregoing, the United States asks the Court to grant the defendant's request for a two-level downward departure and sentence the defendant to a sentence of three years probation, including ten months of home detention, a $100 special assessment, and a $2,000 fine. The United States urges the Court to impose all of the conditions recommended by Probation, and include a special condition that the defendant shall not be employed, and/or have any

SENTENCING MEMO
CR 05-0395 CRB    2

ownership interest, direct or indirect, in any massage parlor.[1]

The United States concurs in the defendant's request based on its review of the dispositions of similarly situated defendants in the Gilded Cage investigation.  Although those defendants may have pleaded guilty to different charges, they engaged in similar conduct and thus should be subject to similar sentences.  Consequently, the United States urges the Court to impose a sentence of three years of probation, including ten months of home detention, a $100 special assessment, and a fine of $2,000.

DATED: October 3, 2007             Respectfully submitted,

                                   SCOTT N. SCHOOLS
                                   United States Attorney

                                   /s/ PETER B. AXELROD
                                   _____

                                   PETER B. AXELROD
                                   LAUREL BEELER
                                   Assistant United States Attorneys

---

[1] While the PSR explicitly includes the prohibition against working in the massage business, the United States requests that the Court also prohibit the defendant from having an ownership interest of any kind in any massage parlor, either directly or indirectly.